
Tessana LEWIS, Plaintiff,

v.

COVENANT CLASSICAL SCHOOL
OF TRACE CROSSING, LLC,
Defendant.

No. CIV.A. 04–AR–2355–S.

United States District Court,
N.D. Alabama,
Southern Division.

May 17, 2006.

Allen Durham Arnold, Arendall & Associates, David R. Arendall, Arendall & Associates, Stephanie S. Woodard, Arendall & Associates, Birmingham, AL, for Tessana Lewis, Plaintiff.

Clint L. Maze, Wilmer & Lee PA, Richard R. Raleigh, Jr., Wilmer & Lee PA, Huntsville, AL, for Covenant Classical School of Trace Crossing, LLC, Defendant.

## MEMORANDUM OPINION AND ORDER

ACKER, District Judge.

■ Never before has this court been asked to grant *in forma pauperis* status to a would-be appellant in circumstances like these. They are *sui generis*. The facts are these:

1. Plaintiff-appellant, Tessana Lewis ("plaintiff"), has at all times in this case been represented by counsel. When she filed her original complaint in this court, she did not request the right to proceed without prepayment or security for costs. For aught appearing, her financial condition is the same now as it was then.

2. Plaintiff has a written agreement with her attorney entitling him to 50% of any net recovery, except that in the event an attorney's fee is awarded by the court against defendant, Covenant Classical School of Trace Crossing, LLC and such fee exceeds 50% of the net total recovery, the attorney can elect the fee awarded by the court. The agreement calls for the attorney to advance all expenses through trial and for a renegotiation in the event of an appeal. The said agreement provides, *inter alia:* "The Client agrees to pay for all expenses required for this action. While Attorney will advance the sums for expenses, Client remains ultimately responsible for these expenses". With his experience, plaintiff's attorney

knew that considerable expense would be incurred. Apparently he was satisfied with plaintiff's ability to pay.

3. Without proof of any new agreement between plaintiff and her attorney respecting the appeal, but with apparent authority, plaintiff's attorney filed the notice of appeal and paid the filing fee of $255 out of his pocket. Nothing has been said about who will be ultimately responsible for the said $255 filing fee in the event *in forma pauperis* status is granted. Neither is there any showing as to whether or not plaintiff's attorney will abandon the appeal, or will advance the cost of the appeal, if plaintiff is not granted *in forma pauperis* status.

4. There is no explanation for the delay in seeking *in forma pauperis* status. The notice of appeal was filed on April 7, 2006, whereas the motion for *in forma pauperis* status was not filed until on May 5, 2006. When no time limitation is provided by statute or rule, a reasonable time limitation is imposed.

5. Although plaintiff resides in Texas, she attended a several day trial in Alabama. This means that she incurred the considerable expense of travel, housing and child care during the lengthy trial. There is some dispute about the current status of the relationship between plaintiff and the father of her child.

6. Plaintiff's affidavit accompanying her motion for *in forma pauperis* status reflects abject penury. In other words, it appears that plaintiff, herself, cannot afford the cost of the lengthy appeal transcript that has been ordered by plaintiff's attorney, the payment for which has not been guaranteed.

7. The chance of success in the appeal, which is taken only from the denial of plaintiff's post-judgment motion and not from the final judgment itself, is problematic at best. Still, the court cannot find that the appeal is pursued in bad faith or that it is totally devoid of colorable merit.

### *Conclusion*

■ Rule 24, F.R.App.P., here invoked by plaintiff, does not contain an absolute obligation on the district court to grant a motion for *in forma pauperis* status based solely on the penury of the applicant. The fact that Rule 24(a)(3) automatically grants *in forma pauperis* status on appeal to a party who was previously granted *in forma pauperis* status **"unless:** the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding" indicates that a party, like this plaintiff, who was not granted *in forma pauperis* status in the district court, does not have such automatic entitlement, even if the court cannot certify that the appeal is not taken "in good faith". In other words, there is an area of discretion within which the district court must rule when considering a motion under Rule 24.

Under the totality of circumstances, the court exercises its discretion and finds that plaintiff, who is not *pro se,* and whose counsel has undertaken an appeal without plaintiff's having sought *in forma pauperis* status, is not entitled to proceed *in forma pauperis.* Accordingly, her petition for *in forma pauperis* status is DENIED.